## DAVIS *vs.* MORRIS and GRIFFITHS.

A statement, accompanying a confession of judgment, under the code, which mentions in general terms that money " was lent and advanced at divers times from the 1 Dec. 1853 to date," is not sufficiently particular.

But where the good faith of the indebtedness is not questioned, and no superior equities exist in favor of other creditors, an amendment will be permitted, in order to preserve the lien and priority of the judgment.

APPEAL from a judgment entered at a special term,

CLERKE, J.   The recent decision in the court of appeals in *Chappel* v. *Chappel*, (2 *Kern.* 215,) requires as much particularity in the statement, accompanying a confession of judgment, as was deemed requisite in *Lawless* v. *Hackett*, (16 *John.* 149,) in reference to the act of 1818. · Judge Gardiner, in his opinion in *Chappel* v. *Chappel*, expressly refers to *Lawless* v. *Hackett*, and says that " the reasoning of the court in that case, as to the object and effect of that law, [that of 1818] is applicable to this one in question." (§ 383 of the code.)   It was decided in that case, that a specification showing a cause of action under the common counts for goods sold and delivered, and also for money lent and advanced, was not sufficient.   It stated " that the bond was given for divers goods &c., and also for money lent and advanced by the plaintiffs to the defendants at various times, the money lent being to the amount of $400, and the residue in goods sold and delivered as above mentioned." The only respect, in which which the statement in this case differs from the specification in *Lawless* v. *Hackett*, is that it mentions in general terms, that the money was lent and advanced at divers times *from the 1st Dec.* 1853, to date ; but this does not make it sufficiently particular to conform to the requirements of that case.   The court in its decision expressly declares that the statement " ought to be as special and precise, at least ss a bill of particulars."   Whatsoever might have been our opinion as to the degree of particularity required by the code, it is evidently, in the judgment of the court of appeals, neces-

Davis *v.* Morris.

sary that the statement should be as special and precise, as the court required in the case to which I have referred.

The good faith of the indebtedness, for which the judgment in this action was confessed, does not seem to be questioned ; and as we cannot discover that any superior equities subsist in favor of the plaintiff in the other action, or of any other creditors, we are disposed to exercise our discretion liberally on the present occasion, by permitting an amendment, in order to preserve the lien and priority of this judgment.

The order below should be so modified as to permit the parties to amend, so that the statement may conform to the requirements above mentioned, on payment of $10 costs of this appeal to the attorney of Tickey.

MITCHELL, P. J.  The authority of *Chappel* v. *Chappel,* (2 *Kern.* 250,) is conclusive in all cases similar to it.  The opinion, however, there expressed by Judge Gardiner, that there must be as much particularity in a confession under the code as under the act of 1818, was not called for by that case, and was probably given without reflecting upon the difference in the language of the two acts.  The act of 1818, (*Laws of* 1818, *ch.* 259, § 8,) required " a *particular* statement and *specification* of the nature and consideration of the debt or demand on which such judgment is confessed."  This might well be held to require a specification as minute as a bill of *particulars ;* as it expressly required a " particular specification."  This act was found so inconvenient that it was soon after repealed, (*see vol.* 5, *Laws of New York, part* 3, *p.* 27, 1821,) and it was never re-enacted.  It continued but three years.  The code, § 383, requires the statement to " state concisely the facts out of which it [the debt] arose."  A concise statement of the facts out of which a debt arose excludes the idea of as minute a statement as is required in a bill of particulars.  The last requires a *mem.* of each item of purchase made, or work done, and of every date.  A concise statement

of the facts out of which a debt arose would certainly require no such minuteness.

I concur, however, in the result of the opinion of Judge CLERKE.

COWLES, J. also concurred.

[NEW YORK GENERAL TERM, November 5, 1855. *Mitchell, Clerke* and *Cowles,* Justices.]